JUSTICE GRAY,
dissenting.
¶35 I respectfully dissent from the entirety of the Court’s opinion.
¶36 The Court’s resolution of issues 2 and 3 is based on the recent decision in Sleath v. West Mont, 2000 MT 381 (decided December 28, 2000). My dissent on those issues in this case is based on my dissent in Sleath, which need not be repeated here.
¶37 As stated by the Court, issue 1 in the present case is whether the District Court erred in instructing the jury that it must find the herbicide was in a “defective condition unreasonably dangerous,” rather than merely in a “defective condition,” to impose liability on Rhone-Poulenc. The Court relies on McJunkin in concluding the trial court erred in instructing the jury by using the precise statutory lan *40 guage from § 27-1-719, MCA. I disagree. I would hold neither that case nor Montana Pattern Instruction (MPI) 7.00 — relied on by the McAlpines — can trump the statutory language enacted by the Legislature in § 27-1-719, MCA, independently of this Court’s decision in McJunkin. On that basis, I would determine that the instructions given, taken in their entirety, stated the applicable law of the case and, consequently, the District Court did not err in giving Instruction Nos. 11 and 12.
¶38 I begin by observing that Instruction No. 11 merely recites the “defective condition unreasonably dangerous” statutory language contained in § 27-1-719, MCA, which has existed and been effective since October 1,1987. Since that instruction contains no definition of the statutory phrase to aid the jury in its determination, the District Court in the present case also gave Instruction No. 12, which states simply that a product is in a “defective condition unreasonably dangerous” when it “is in a condition not contemplated by the consumer who purchases it, with the ordinary knowledge common to the community as to the product’s characteristics.” Nothing in that definition is confusing; indeed, it is plain, clear and concise and provides a common sense definition of the statutory phrase. Given that the phrase challenged by the McAlpines is defined in Instruction No. 12,1 disagree with the Court that the phrase at issue is the kind of legal concept — such as “proximate cause” or “legal cause” — we held in Busta should not be submitted to a jury.
¶39 Nor do I agree with the Court’s reliance on McJunkin, a case tried and appealed prior to the effective date of § 27-1-719, MCA, in resolving the issue before us here. The Court is correct that the appellant in that case argued the trial court erred in failing to instruct the jury on the theory of strict liability. See McJunkin, 229 Mont. at 435, 748 P.2d at 912. The issue there, however, had nothing to do with whether given jury instructions were or were riot appropriate, because the question arose in the context of whether the theory had been properly pled and, then, whether there was evidence to support the giving of any jury instructions on the subject at all. See McJunkin, 229 Mont. at 442, 748 P.2d at 916.
¶40 Focusing on the latter subissue and clarifying that it was a common law issue requiring us to look to § 402A of the Restatement (Second) of Torts, we noted that § 402A bases liability on a product “in a defective condition unreasonably dangerous.” We observed that the commentaries to § 402A, rather than the actual language in the sec *41 tion, set forth a dual test which require a plaintiff to prove the product is defective and also unreasonably dangerous. See McJunkin, 229 Mont. at 442-44, 748 P.2d at 916-17. Relying on Professor Keeton’s criticism, we rejected the position taken in the commentaries and held that a plaintiff need not prove that a product is defective and unreasonably dangerous in all cases. McJunkin, 229 Mont. at 443-45, 748 P.2d at 917-18. Thus, McJunkin addressed the plaintiffs burden of proof as set forth in the commentaries to § 402A which effectively added the word “and” to the language actually contained in § 402A; it did not reject the “defective condition unreasonably dangerous” language used in the section. In other words, McJunkin addressed a substantially different question than that before us here, which relates only to whether the trial court erred in giving instructions containing the “defective condition unreasonably dangerous” language contained in both § 402A of the Restatement and § 27-1-719, MCA. I would hold that the District Court did not abuse its discretion in using the phrase “defective condition unreasonably dangerous” in instructing the jury, particularly since it then defined the phrase in common sense and everyday language.
¶41 Turning, then, to § 27-1-719, MCA, the Court determines that since we interpreted the Restatement in McJunkin, and § 27-1-719, MCA, mirrors the language of § 402A, McJunkin “in effect, interprets that statute as well.” Section 27-1-719, MCA, however, was not a legislative codification of the McJunkin decision after issuance of that decision. Rather, the statute was considered and passed by the Montana Legislature prior to the McJunkin opinion and entirely independent therefrom. In addition, as the above discussion reflects, the statute was neither applicable to nor addressed in McJunkin. Furthermore, as also addressed above, McJunkin did not interpret the actual language contained in either § 402A or § 27-1-719, MCA; it addressed and rejected a commentary which propounded a dual proof test by adding the word “and” to the “defective product unreasonably dangerous” language. The instruction at issue in the present case did not add the word “and” to the language contained in § 27-1-719, MCA. Nor did it imply a dual test in any way. Moreover, the District Court defined the statutory language in another instruction in common, easily understood language which also did not impose or imply a dual test.
¶42 As a final matter, it is appropriate to comment on the Court’s reference to the McAlpines’ assertion that the challenged instructions deviate from the MPIs. While the Court’s purpose in including *42 this reference is far from clear, I have never heard it suggested that the MPIs themselves are “the law” and I do not take the Court’s reiteration of the McAlpines’ position in this regard to mean otherwise.
¶43 The McAlpines are correct, of course, in stating that MPI 7.00 — the actual instruction for which they contend — better reflects McJunkin than does Instruction No. 11 as given here. This fact is irrelevant, however, because a closer look at MPI 7.00 and the note accompanying it reflects another problem with the McAlpines’ argument. The Civil Jury Commission note to MPI 7.00 reads as follows:
NOTE: MPI 7.00 to 7.07 apply to all causes of action arising before 10/1/87. See McJunkin v. Kaufman, 44 St.Rep. 2111, 748 P.2d 910 (1987). The Commission expresses no opinion on whether these instructions apply to causes of action arising after 10/1/87 in light of MCA 27-1-719, effective 10/1/87.
I simply do not believe that either MPI 7.00 or McJunkin have any application to the present case and the jury instruction issue before us.
¶44 On issue 1,1 would hold that the District Court did not abuse its discretion in instructing the jury. On issues 2 and 3,1 would apply the holding in our 1997 McAlpine decision. In short, I would affirm the District Court and I dissent from the Court’s failure to do so.